UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DERRIAN CARRUTHERS**                                                                             **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 5:14CV-P113-R**

**UNKNOWN**                                                                                          **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Derrian Carruthers initiated this civil-rights action pursuant to 42 U.S.C. § 1983 by filing a handwritten letter on his own paper complaining of conditions at the Fulton County Jail (DN 1). On June 16, 2014, the Clerk of Court issued a deficiency notice to Plaintiff directing him (1) to resubmit his complaint on the appropriate form; (2) to sign the complaint form; (3) to prepare and submit a summons for each Defendant; and (4) either to pay the filing fee in full or to file an application to proceed without prepayment of fees along with a certified copy of his jail trust account statement for the six-month period preceding the filing of the complaint (DN 3). The notice advised Plaintiff that failure to comply within 30 days without good cause shown would result in the matter being brought to the attention of the Court. The 30-day compliance period expired without any response from Plaintiff. Accordingly, by Order entered October 9, 2014, the Court directed Plaintiff to correct the four deficiencies listed above within 30 days from the entry date of the Order and warned Plaintiff that his failure to comply within the time allotted would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court (DN 4). Review of the record reveals that Plaintiff has failed to comply with the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to prosecute and to comply with a straightforward Court Order containing an easily understood deadline, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.005